IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARIA MERCEDES LEMP,** *et al.*, | \* | |
| **Plaintiffs,** | \* | |
| v. | \* | Civil Action No. MJM-23-691 |
| **OFFICER MATTHEW MAJKRZAK,** *et al.*, | \* | |
| **Defendants.** | \* | |

\* \* \* \* \* \* \*
**MEMORANDUM**

Plaintiffs Maria Mercedes Lemp, individually and as personal representative of the Estate of Duncan Lemp; Kasey Jean Robinson, individually and as parent and guardian of Duncan Lemp's minor child; and Matthew Lemp (collectively, "Plaintiffs") move for leave to file a Second Amended Complaint ("SAC"). ECF No. 34 (the "Motion"); ECF No. 34-3 (SAC). Defendants Montgomery County, Officer Matthew Majkrzak, Detective Tomasz Machon, and Detective Kevin Baxter (collectively, "Defendants") filed a response in opposition to the Motion. ECF No. 35. Plaintiffs filed a reply in support of the Motion. ECF No. 36. No hearing is necessary to resolve the instant Motion.[1] Loc. R. 105.6 (D. Md. 2023). The Motion will be granted in part and denied in part.

**I.     BACKGROUND**

Plaintiffs allege that in the early morning of March 12, 2020, a Montgomery County Police Department ("MCPD") SWAT team conducted a raid at their residence in Potomac, Maryland that killed resident Duncan Lemp. SAC ¶ 5. The raid was conducted pursuant to a no-knock search warrant on the basis of Duncan Lemp's suspected unlawful possession of firearms. *Id.* ¶ 6.

---

[1] The Court did conduct a hearing on Plaintiffs' prior motion to amend their original complaint, on April 21, 2024.

1

Detectives Machon and Baxter sought and obtained the warrant. *Id.* According to Detective Machon's warrant affidavit, law enforcement relied in part on information received from two confidential informants that Duncan Lemp possessed several firearms and was a member of an anti-government militia. *Id.* According to the affidavit, Duncan Lemp had posted several pictures of himself posing with guns and at a shooting range on social media. *Id.* The affidavit further states that Duncan Lemp had a juvenile criminal history that prohibited him from possessing of regulated firearms. *Id.* ¶ 9. During the execution of the warrant, the police threw a flashbang into Duncan Lemp's bedroom, disorienting him and his fiancée. *Id.* ¶ 12. Duncan Lemp then brandished a gun and took a "standing position," at which point Officer Majkrzak shot him five times through the window. *Id.* ¶¶ 11–12. Kasey Robinson was pregnant at the time of the raid and gave birth to Duncan Lemp's child in October 2020. *Id.* ¶¶ 5, 18. Plaintiffs allege that, in March 2020, Montgomery County policymakers failed to develop and maintain policies to avoid unreasonable searches pursuant to no-knock warrants, which created substantial risks to the safety, lives, property, and privacy of Montgomery County residents. *Id.* ¶¶ 36–40.[2]

Plaintiffs filed their initial Complaint on March 13, 2023. ECF No. 1. Defendants moved to dismiss the Complaint, ECF Nos. 15 & 16, and Plaintiffs moved for leave to file an Amended Complaint, ECF No. 24. Following a hearing on the motions, the Court granted in part and denied in part Plaintiffs' motion to amend and dismissed some of the claims. ECF No. 31.

Plaintiffs now move to file a Second Amended Complaint asserting claims in seven counts against Defendants:

(1) Survival under 42 U.S.C. §§ 1983 and 1988;

(2) Survival under Md. Code, Estates & Trusts § 7-401(y);

---

[2] Additional facts relevant to the Court's analysis are described in the Part III *infra*.

(3) Wrongful death under 42 U.S.C. §§ 1983 and 1988;

(4) Wrongful death under Md. Code, Cts. & Jud. Proc. § 3-904;

(5) Fourth Amendment violation under 42 U.S.C. §§ 1983 and 1988;

(6) Violation of Maryland Declaration of Rights, Article 26;

(7) *Monell* liability under 42 U.S.C. § 1983;

ECF No. 34. The motion is full briefed and ripe for disposition.

## II.   STANDARD OF REVIEW

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15 states that "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B), if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a [Rule 12] motion, whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Fourth Circuit has endorsed a liberal approach to granting motions for leave to amend. The court has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal citations omitted).

## III.   DISCUSSION

In their opposition, Defendants argue that Plaintiffs' proposed amendments are futile. ECF No. 35 at 4–17. A proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citation omitted). "Thus,

it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion."[3] *Fox v. Statebridge Co., LLC*, Civ. No. SAG-21-01972, 2023 WL 1928224, at *2 (D. Md. Feb. 10, 2023) (citations omitted).

### A. Count Two

Plaintiffs seek to add in Count Two of the proposed SAC a survival claim under Md. Code, Estates & Trusts Art. § 7-401(y). This statute provides that a personal representative may generally prosecute claims or proceedings "the protection or benefit of the estate, including the commencement of a personal action which the decedent might have commenced or prosecuted[.]" Md. Code, Estates & Trusts § 7-401(y)(1). Here, Maria Mercedes Lemp, as personal representative of the Estate of Duncan Lemp, seeks to recover for alleged violations of Duncan Lemp's rights under the Maryland Constitution's Declaration of Rights by Officer Majkrzak and Montgomery County. SAC ¶¶ 22–24.

First, Defendants argue that the proposed Count Two is barred by the applicable statute of limitations. ECF No. 35 at 5–6. The applicable statute of limitations provides that Ms. Lemp's survival claim was required to have been filed within three years of the claim's accrual date. *See* Md. Code, Cts. & Jud. Proc. § 5-101. In reply, Plaintiffs argue that the survival claim in Count Two relates back to the date their original Complaint was filed. ECF No. 36 at 1–4. Rule 15(c), as Plaintiffs point out, provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B).

---

[3] Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may file a motion to dismiss a complaint for failure to state a claim upon which relief may be granted.

In Plaintiffs' initial Complaint, Ms. Lemp asserted claims against Officer Majkrzak and Montgomery County arising from their alleged roles in the death of Duncan Lemp on March 12, 2020. *See generally* ECF No. 1. The initial Complaint was filed on March 13, 2020. The proposed survival claim in Count Two of the SAC appears to arise out of the conduct and occurrences "set out—or attempted to be set out—in the original pleading" and therefore appears to relate back to the date the original Complaint was filed. Fed. R. Civ. P. 15(c)(1)(B). At this stage of the litigation, the Court cannot find that Plaintiffs' filing of the original Complaint was untimely. Therefore, the Court cannot find the proposed survival claim is clearly insufficient or subject to dismissal.

Second, Defendants argue that the proposed Count Two is futile because it is "duplicative" of the proposed Counts Five and Six. In the proposed Count Five, Plaintiffs assert a claim under 42 U.S.C. §§ 1983 and 1988 for Defendants' allegedly obtaining and executing a search warrant in violation of the Fourth Amendment to the U.S. Constitution. SAC ¶¶ 29–33. The proposed Count Six is based on the same conduct but is claimed to violate Article 26 of the Maryland Declaration of Rights. *Id.* ¶ 34. While it is apparent that the factual and legal bases for the claim asserted in Count Two and those asserted in Counts Five and Six overlap, the Court does not find Count Two to be entirely duplicative, such that dismissal would be clearly warranted.

Accordingly, the Motion is granted as to Count Two of the proposed SAC.

### B. Counts Five and Six

As noted *supra*, Counts Five and Six of the proposed SAC contain claims for alleged violations of the Fourth Amendment to the U.S. Constitution and Article 26 of the Maryland Declaration of Rights. SAC ¶¶ 29–34. These counts are based in part on the defendant police officers having allegedly obtained a search warrant without probable cause. *See id.* Defendants argue that these claims are futile because the search warrant was supported by probable cause and,

alternatively, that the officers have qualified immunity. ECF No. 35 at 6–11. The parties' dispute over whether the warrant lacked probable cause turns on whether, under Maryland law, probable cause for the warrant called for facts concerning Duncan Lemp's knowledge that his possession of regulated firearms was unlawful. *See id.*; ECF No. 34-1 at 6–9; ECF No. 36 at 5–7.

"Qualified immunity protects government officials who commit constitutional violations but who, in light of clearly established law, could have reasonably believed that their actions were lawful." *Knibbs v. Momphard*, 30 F.4th 200, 214 (4th Cir. 2022) (quoting *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc)). As discussed during the hearing on Plaintiff's prior motion to amend, the Court has reviewed the Maryland authorities cited by the parties and finds that Plaintiffs' claims based on lack of probable cause for the search warrant are barred by Defendants' qualified immunity.

The affidavit in support of the search warrant challenged in Counts Five and Six purport to set forth probable cause Duncan Lemp illegally possessed an assault weapon in violation of Md. Code Ann., Crim. L. § 4-303, and possessed regulated firearms as a prohibited person in violation of Md. Code Ann., Pub. Safety §§ 5-133(b) and 5-144. Section 5-133(b) provides that "a person may not possess a regulated firearm if the person" is "under the age of 30 years at the time of possession [and] has been adjudicated delinquent by a juvenile court for an act that would be a disqualifying crime if committed by an adult." Md. Code Ann., Pub. Safety § 5-133(b)(15). Section 5-144 provides criminal penalties for a person who "knowingly participate[s] in the illegal sale, rental, transfer, purchase, possession, or receipt of a regulated firearm in violation of this subtitle[.]" *Id.* § 5-144(a)(1).

At the time Detectives Machon and Baxter obtained the warrant, in March 2020, it was not clearly established that a criminal violation of § 5-133(b)(15) required proof that the person was

aware of his prohibited status. In 2015, the Maryland Court of Special Appeals (now Appellate Court of Maryland) held that § 5-144(a)(1)'s provision that a person "may not 'knowingly participate in . . . possession . . . of a regulated firearm" did not require the person "to know that he is disqualified." *Brice v. State*, 126 A.3d 246, 263 (Md. Ct. Spec. App. 2015). The court cited its prior decision in *McNeal v. State*, holding that, "to satisfy the *mens rea* requirement for a violation of Section 5–133, the State was required to prove only that defendant knew that he was in possession of a handgun." *Id.* (citing *McNeal v. State*, 28 A.3d 88 (Md. Ct. Spec. App. 2011), *aff'd,* 44 A.3d 982 (Md. 2012)); *see also Hogan v. State*, 205 A.3d 101, 127 (Md. Ct. Spec. App. 2019) ("A crime of simple possession does not require any specific intent nor does it require any special scienter. . . . The *mens rea* of simple unlawful possession requires only the defendant's awareness that he is in actual possession of the item he is not permitted to possess.") (citing *McNeal*, 28 A.3d 88).

In support of their argument that knowledge of prohibited status was required, Plaintiffs rely upon *Chow v. State*, where the Maryland Court of Appeals (now Supreme Court of Maryland) held that a conviction for an illegal sale under the predecessor statute to § 5-144 requires knowledge that the person is committing an illegal sale. 903 A.2d 388, 408–12 (Md. 2006). *Chow*, however, involved an illegal sale of a regulated firearm rather than illegal possession under § 5-133. Maryland's intermediate appellate court decided *McNeal*, *Brice*, and *Hogan* after the *Chow* decision and made no reference to its holding.

In consideration of the foregoing precedents, the Court cannot find that it was clearly established in March 2020 that a § 5-133(b) violation required proof of the person's knowledge of their prohibited status. A legal rule is clearly established when it is "particularized" to the facts of the case. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "It is not enough that the rule is

suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *District of Columbia v. Wesby*, 583 U.S. 48, 64 (2018). Given the holdings in *McNeal*, *Brice*, and *Hogan* (cases involving illegal gun possession under § 5-133(b)), the Court does find that a reasonable officer would necessarily interpret *Chow* (a case involving an illegal gun sale) to establish a rule that unlawful possession of a regulated firearm under § 5-133(b) requires knowledge of prohibited status.[4] Accordingly, in the instant case, Plaintiffs' claims based upon the search warrant's lack of probable cause are clearly insufficient and would not survive a motion to dismiss.

Counts Five and Six of the proposed SAC also contain claims based upon the execution of the challenged warrant, which Plaintiffs allege involved an unconstitutional failure to knock and announce, breaking of windows, and use of flashbang grenades. Both counts are asserted against Detective Machon, Detective Baxter, and Officer Majkrzak.[5] Defendants argue that these counts are futile as to Detectives Machon and Baxter because the proposed SAC does not allege their involvement in any use of force. ECF No. 35 at 11–12. Plaintiffs do not respond to this argument in their reply. The proposed SAC adds an allegation that Detectives Machon and Baxter were present when the warrant was executed, SAC ¶ 31, but does not allege any facts to support a reasonable inference that either defendant personally participated in the no-knock entry or used any force at the scene—much less unconstitutionally excessive force. Thus, any claims against

---

[4] Even today, it may not be clearly established that § 5-133(b) violations require knowledge of prohibited status. In 2022, in a case involving a § 5-133(c) violation, Maryland's highest court held that knowledge of prohibited status was not required for this offense. *Howling v. State*, 274 A.3d 1124, 1136–43 (Md. 2022). Notably, in so holding, the *Howling* court cited *McNeal*, *Brice*, and *Hogan* approvingly, stating, "Maryland appellate courts have repeatedly recognized that the General Assembly intended to *only require* the *mens rea* element of knowledge of possession pursuant to Pub. Safety § 5-133."). The Court of Appeals also relied upon its own prior decision in *Parker v. State*, 936 A.2d 862, 883 (2007), a case that pre-dates the search warrant challenged in the instant case.

[5] The Maryland constitutional claim in Count Six is also asserted against Montgomery County.

8

Detectives Machon and Baxter for unconstitutional use of force are clearly insufficient and would not survive a motion to dismiss. *See Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977) (holding that liability under § 1983 "will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights") (citation omitted).

For the foregoing reasons, Plaintiffs' Motion is denied as to their proposed claims in Counts Five and Six based upon the challenged search warrant's lack of probable cause and any other claims in these counts against Detectives Machon and Baxter.

### C. Count Seven

The proposed SAC includes, in Count Seven, amendments to Plaintiffs' previously asserted *Monell* claim against Montgomery County. SAC ¶¶ 35–40. "[A] *Monell* claim must aver sufficient facts to make plausible that (1) the municipality had an unconstitutional policy or custom; and (2) the unconstitutional policy or custom caused a violation of the plaintiff's constitutional rights." *Palma v. Montgomery Cnty., Maryland*, 598 F. Supp. 3d 288, 296 (D. Md. 2022) (cleaned up). Plaintiffs' amendments include allegations that Montgomery County "failed to develop and maintain policies or customs to ensure against unreasonable searches pursuant to no-knock warrants"; that 108 of 140 search warrants (77%) executed by the MCPD in 2019 were no-knock warrants; that Montgomery County "failed to adopt policies and training to stop the practice of no-knock warrants"; that Montgomery County policymakers were aware in March 2020 that the lack of adequate policies and training "posed a substantial risk to the safety, property, lives, and privacy rights" of County residents; and it was not until July 2020 that policymakers "enacted legislation establishing minimum procedures for obtaining and executing no-knock warrants." *Id*. ¶¶ 36–39. These allegations are similar to those supporting the *Monell* claim asserted in *Palma*, 598 F. Supp. 3d at 296–99, which survived a motion to dismiss. This Court finds *Palma*

9

persuasive and its reasoning applicable here. Thus, the Court cannot find that Plaintiffs' amended *Monell* claim is clearly insufficient or would not survive a motion to dismiss. Defendants' futility arguments fail.

Defendants further argue that the amendments to the *Monell* claim should be rejected based on what they characterize as "disingenuous rewording" of Plaintiffs' allegations as to Montgomery County's policies and customs and "inaccurate" allegation about the number of no-knock warrants executed by MCPD. ECF No. 35 at 14–15. Defendants point out that, in their first proposed Amended Complaint, Plaintiffs' allegation about the high proportion of no-knock search warrants was specific to those executed by Montgomery County SWAT teams. At the hearing on Plaintiffs' previous motion to amend, the Court found this statistic insufficient to sustain Plaintiffs' *Monell* claim because search warrants executed by SWAT teams may be expected to include a high proportion of no-knock warrants, in consideration of SWAT teams' specialization in handling high-risk situations. Hrg. Tr. at 106–07. Defendants characterize Plaintiffs' modified allegation as a misrepresentation because defense counsel confirmed at the hearing that the statistic cited by Plaintiffs' only addressed warrants executed by SWAT teams. ECF No. 35 at 14–15 (citing Hrg. Tr. at 16).  In reply, Plaintiffs cite and attach in support of their modified allegation a media report stating, "In 2019, 140 search warrants were executed, which included 108 no-knock warrants." ECF No. 36 at 8; ECF No. 36-1 at 3. The statement in the article is not specific or restricted to SWAT teams. At the pleading stage, the Court must accept allegations in a challenged pleading as true and draw all reasonable inferences in favor of the pleading party. *See King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). On the record before me, this Court cannot find that Plaintiffs have recast their *Monell* allegations in bad faith.

Plaintiffs' Motion is granted as to Count Seven.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Second Amended Complaint is granted in part and denied in part. The proposed Second Amended Complaint will be accepted as Plaintiffs' operative pleading, but their claims for lack of probable cause in Counts Five and Six will be dismissed, and Detectives Machon and Baxter will be terminated as defendants.


DATE:  1/6/25                                                      /S/                            
                                                                                   Matthew J. Maddox
                                                                                   United States District Judge